```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              FORT MYERS DIVISION
```

IN RE:  GREGORY BRIAN MYERS
_____

GREGORY BRIAN MYERS,

       Appellant,

v.                                        Case No: 2:22-cv-498-JES
                                          Bankr. No: 2:21-bk-00123-FMD
U.S. BANK NATIONAL BANK
ASSOCIATION, as Trustee for
Credit Suisse First Boston
Mortgage Acceptance Corp.,
CSFB Mortgage- Backed Pass-
Through Certificates, Series
2005-11,

       Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court's Order Denying Motion to Avoid Judicial Lien (Doc. #2-38)[1] and Order Denying Debtor's Motion to Reconsider, Alter or Amend Order Denying Motion to Avoid Judicial Lien (Doc. #2-2).  Appellant filed an Initial Brief (Doc. #13), appellee filed a responsive Initial Brief (Doc. #16), and appellant filed a Reply Brief (Doc. #19).  The Court directed appellant to file a jurisdictional statement and allowed appellee to file a responsive

---

[1] The Court will refer to the District Court docket as "Doc.", the Bankruptcy case docket as "Bankr. Doc."

statement.  (Doc. #22.)  On April 10, 2023, appellant filed a Jurisdictional Statement (Doc. #25) and on May 30, 2023, appellant filed a Notice of Filing Supplemental Authority (Doc. #26). Appellee did not file a response.

*I.*

The district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the U.S. Bankruptcy Court. 28 U.S.C. § 158(a).  "District courts sit in an appellate capacity when reviewing bankruptcy court judgments; they accept the bankruptcy court's factual findings unless they are clearly erroneous and review legal conclusions *de novo*."  In re NRP Lease Holdings, LLC, 50 F.4th 979, 982 (11th Cir. 2022) (citing In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993)).  A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Fed. R. Civ. P. 52(a)).  See also In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008).  Where a matter is committed to the discretion of the bankruptcy court, the district court must affirm unless it finds that the bankruptcy court abused its discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2006).  A court abuses its discretion "if it applies an

incorrect legal standard, follows improper procedures in making the determination", makes findings of fact that are clearly erroneous, or applies the law in an unreasonable or incorrect manner. Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 77 (11th Cir. 2013). "The abuse of discretion standard allows a range of choices for the [bankruptcy] court, so long as any choice made by the court does not constitute a clear error of judgment." Id. (citation omitted). An appellate court reads briefs filed by a *pro se* litigant liberally. Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.4 (11th Cir. 1997).

## *II.*

A summary of the filings in Maryland and Florida by Mr. Myers would be beneficial as background.

On December 17, 2009, U.S. Bank NA Trustee filed a residential foreclosure action in Collier County Circuit Court against Barbara Ann Kelly, Gregory B Myers, and others regarding property located at 700 Gulf Shore Boulevard, Naples, Florida 31402. A default was issued as to Suntrust Bank, Fidelity & Deposit Company of Maryland, and Navy Federal Credit Union, and other unidentified defendants were voluntarily dismissed. A Final Judgment of Foreclosure was issued on September 10, 2015, and foreclosure sale was set and reset numerous times as defendants filed appeals and several suggestions of bankruptcy.

First, Myers filed a Chapter 11 case on November 18, 2015, in the District of Maryland.  The case was converted to a Chapter 7 case on February 22, 2017.  No discharge has been granted.  See In re Myers, #15-26033-MCR (Bankr. D. Md. (Greenbelt)).  Second, Myers filed a Chapter 13 case on February 27, 2019, in the District of Delaware.  The case was dismissed as it was improperly brought in the wrong venue.  See #19-10392 (Bankr. D. Del.).  Third, Myers filed a Chapter 13 case on May 31, 2019, in the District of Maryland.  The case was dismissed on request of the debtor and the automatic stay terminated on September 9, 2019.  See #19-17428 (Bankr. D. Md. (Greenbelt)). Fourth, Myers filed a Chapter 13 case on January 28, 2021, in the Middle District of Florida.  This appeal stems from this fourth Florida bankruptcy filing.  In state court, the foreclosure sale was cancelled again and has not been reset as of April 20, 2023.

In the District of Maryland, #15-26033, the bankruptcy court issued a Consent Order on Motion for Relief From Automatic Stay on November 10, 2016, based on the agreement of U.S. Bank National Association and debtor Gregory B. Myers.  The agreement allowed the appeal of Mr. Myers to proceed in the Florida Second District Court of Appeals (2D15-4521), along with his wife Barbara Ann Kelly's appeal (2D15-4836), and allowed for Mr. Myers *or his wife* to make "adequate protection payments in the amount of $5,000.00

per month by depositing them into the Registry of the United States Bankruptcy Court for the District of Maryland (the "Adequate Protection Payments"), beginning on December 1, 2016, and continuing on the 1st day of each month thereafter until the Myers Appeal and the Kelly Appeal are fully resolved in favor of either U.S. Bank or Debtor Gregory B. Myers and/or Barbara Ann Kelly." (#15-26033, Bankr. Doc. #197.)  The Adequate Protection Payments were to be retained until further order, but with the understanding that if the appeals are fully resolved in favor of U.S. Bank, U.S. Bank would be entitled to receive the total deposit credited against the amounts claimed against Myers and/or Kelly.  If Myers and Kelly prevail on appeal, they will be entitled to receive the deposits back.  U.S. Bank maintained the right to possess in the state court proceedings upon default of any Adequate Protection Payments, Property Tax Payments, or Insurance Premium Payments. (Id.)  In February 2017, the bankruptcy case was converted to a Chapter 7 case.  (Id. at Bankr. Doc. #316.)  The state appeals concluded in favor of U.S. Bank.

On September 30, 2019, the bankruptcy court in Maryland denied a motion to enforce consent order because "[n]o further Order of this Court is required to permit U.S. Bank N.A. to exercise its rights as to the subject property and the Debtor can present any allegations of insufficient notice under the Consent Order in the

proceedings pending in the Circuit Court in and for Collier County, Florida." (Id. at Bankr. Doc. #854.) On June 8, 2021, the bankruptcy court denied a blanket stay of the case based on the filing of a voluntary petition in the Middle District of Florida. (Id. at Bankr. Doc. #959.) On August 11, 2021, a party sought clarity with respect to the interest of the Chapter 7 Trustee in the Naples property since the Consent Order had issued prior to conversion. The bankruptcy court determined that the automatic stay was terminated as to the Trustee as well:

> [T]he Court makes the following findings: (i) the automatic stay has already terminated as to the Debtor's interest in the Naples Property pursuant to the Consent Order; (ii) to the extent the automatic stay imposed by Section 362(a) of the Bankruptcy Code arose as to the Chapter 7 Trustee upon conversion of this case to Chapter 7 and/or presently applies to the Chapter 7 Trustee, the automatic stay is terminated as to the Chapter 7 Trustee pursuant to the same terms as set forth in the Consent Order; and (iii) the relief granted herein is without prejudice to the rights of the Debtor, the Movant, the Chapter 7 Trustee and any other parties in interest with respect to the Naples Property in connection with the Florida Bankruptcy Case.

(Id. at Bankr. Doc. #974.) The Maryland bankruptcy court has not concluded, and a discharge was denied. (Id. at Bankr. Doc. #1002.) Adequate Protection Payments remain in the registry of the Clerk in Maryland.

*III.*

In the Schedules filed in support of bankruptcy protection in Florida, debtor Myers listed the funds in the Registry for 700 Gulf Shore Boulevard and the property itself in Schedule C as exempt property.  (Doc. #2-6, pp. 12, 15.)  On September 28, 2021, debtor Myers filed a Motion to Avoid Judicial Lien of U.S. Bank National Association, as Trustee (Doc. #209).  On November 9, 2021, debtor Myers filed an Amended Verified Motion to Avoid Judicial Lien (Doc. #2-12).  A hearing was scheduled for February 10, 2022, but it was continued to allow debtor to file an amended plan to provide for treatment of the lien and file notice with Maryland bankruptcy case to notify attorneys.  (Doc. #2-11.)  The Third Amended Chapter 13 Plan (Doc. #2-36) identifies "Judicial Lien in United States Bankruptcy Court for the District of Maryland, Case No. 15-26033; Doc. 197" as a lien to be avoided under 11 U.S.C. §522.

On April 18, 2022, U.S. Bank National Association filed a Response and Objection to Debtor's Motion Avoid Judicial Lien (Doc. #2-26), and on May 16, 2022, debtor Myers filed a Reply (Doc. #2-35).  The hearing was finally conducted on June 9, 2022.  (Doc. #2-37.)  On June 21, 2022, the Order Denying Motion to Avoid Judicial Lien (Doc. #2-38) was filed.

It was counsel for Myers who first labeled the Adequate Protection Payments as a judicial lien stating an interest in the property and that the lien impaired debtor's benefits of the exemption. At the hearing, counsel relied on In re Monroe, 282 B.R. 219, 223 (Bankr. D. Ariz. 2002) ("A lien is a 'charge against or interest in property to secure payment of a debt or performance of an obligation.' § 101(37). A judicial lien is a 'lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.' § 101(36)"."); and In re James, 304 B.R. 131, 136 (Bankr. D.N.J. 2004) ("[T]he definition of judicial lien only requires that the lienor hold a judgment against the debtor."), abrogated by In re Schick, 418 F.3d 321 (3d Cir. 2005). Counsel focused on the fact that the Order was issued by the Maryland Bankruptcy Court as part of a legal proceeding to argue that it is a judicial lien.

U.S. Bank focused on the 'consent' aspect of the Order to argue that there was no lien:

> The Second DCA affirmed the Debtors, then sought cert. from the Florida Supreme Court. The Florida Supreme Court denied cert. At that point, pursuant to the terms of the agreement we had, a contract with the Debtor – and courts construe agreements like this as contracts -- we were entitled to all the money that had been placed into the registry of the court on that date.
> 
> The Debtor did not file until a year and a half later. Our rights vested into those

- 8 -

>monies on the date that the Supreme Court denied cert. Because pursuant to the terms of the parties' agreement in this agreed order, once all the Debtor's rights and appeals had been exhausted, and how ever the Court ultimately would decide would determine who got those adequate protection payments, Your Honor.
>
>And this was the agreement between the parties. This wasn't a court-imposed sanction or court-imposed requirement. The parties agreed to the terms, because we gave up certain rights, the Debtor gave up certain rights, the Debtor made certain rights -- made certain promises and so did we. And we allowed the underlying State Court action to proceed forward, Your Honor, and our rights vested in those adequate protection payments months before the Debtor filed this Florida bankruptcy case.

(Doc. #5, pp. 19-20.)

The Bankruptcy Court concluded:

>If it its a lien at all, it is a contractual lien; it is not a judicial lien. It was not created by a court order; it's just that the court order provided the mechanism by which the funds were to be held.
>
>So for all those reasons, I am going to find that the consent order did not constitute a judicial lien, that the funds being on deposit in the Maryland Bankruptcy Court are not held pursuant to a judicial lien, and I'm not even going to -- I don't know whether I would call it a lien or not, but to the extent that it arises -- to the extent that U.S. Bank's funds arise to an -- excuse me, U.S. Bank's claim to the funds rise to the level of a lien or sink to the level of a lien, I'm not sure which that would be, it's not a judicial lien and as such it's not subject to avoidance. So I will deny the Debtor's motion.

(Doc. #5, p. 32.)  Judge Delano went on to note "I can't order that the funds be released; only the Maryland Bankruptcy Court can order that the funds be released. So if there's other issues relating to the release of the funds, I don't know what they are." (Id., p. 33.)  "It's a creative argument to say that it's a judicial lien that can be avoided because the funds were paid in with tenancy-by the-entireties' funds.  But I'm finding that it's not -- the consent order, or the circumstances under which the funds were deposited with the Maryland Bankruptcy Court registry – the court's registry, did not create a judicial lien. And as such, it's not capable of being avoided."  (Id., p. 35.)  An Order Denying Motion to Avoid Judicial Lien (Doc. #2-38) was issued, and thereafter debtor Myers filed a Motion to Reconsider, Alter or Amend Order Denying Motion to Avoid Judicial Lien (Doc. #2-41).

"[A] debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled" if it is a judicial lien.  11 U.S.C. § 522(f)(1)(A).  "The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  11 U.S.C. § 101(36).  "Courts have described a judicial lien as 'an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the

debtor's to satisfy his interest but who *did not have an interest in a specific piece of property before occurrence of some judicial action.*'" In re Washington, 242 F.3d 1320, 1323 (11th Cir. 2001) (citations omitted) (emphasis in original).  There is no dispute that the Consent Order on Motion for Relief From Automatic Stay was not a judgment, levy, or sequestration.  The only issue is whether it was another legal process or proceeding.

The Consent Order was issued based on the parties' agreement to deposit funds into the Registry as protection payments and is more akin to a 'security interest', which is a lien created by agreement.  11 U.S.C. § 101(51).  See, e.g., In re Nichols, 265 B.R. 831, 835 (B.A.P. 10th Cir. 2001) (the origin of lien was consensual and did not become judicial lien); In re Cunningham, 478 B.R. 346, 358 (Bankr. N.D. Ind. 2012) ("the fact that the state court judgment later recognized the lien and empowered the Harlans to enforce it does not change its character to a judicial lien.") The Court agrees that the Consent Order is not and never was a judicial lien, but only an agreement ratified by the Court.  The parties entered into the agreement and the Court approved the Order to allow funds to be deposited into the registry.  Nothing more.  The appeals are over and therefore the purpose of the Consent Order is complete and the terms fulfilled.  The Bankruptcy Court is affirmed.

Accordingly, it is hereby

**ORDERED:**

1. The Bankruptcy Court's Order Denying Motion to Avoid Judicial Lien and Order Denying Debtor's Motion to Reconsider, Alter or Amend Order Denying Motion to Avoid Judicial Lien are **affirmed.**

2. The Clerk shall transmit a copy of this Opinion and Order to the Bankruptcy Court and close the appellate file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record